UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER MACKEY,

      Plaintiff,

v.                                                                                                CIVIL ACTION
                                                                                                 NO. 20-12092-DJC

SALEM STATE UNIVERSITY and
COMMONWEALTH OF MASSACHUSETTS,

      Defendants.

**ORDER DISMISSING CASE**

**CASPER, J.**                                                                                                                                                                                    June 2, 2021**

      Plaintiff Christopher D. Mackey's ("Mackey") amended complaint (D. 10) is <u>DISMISSED</u> without prejudice after screening pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii). In conducting this review, the Court liberally construes Mackey's amended complaint because he is proceeding *pro se.* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp. v. U.S. Dept. of Education</u>, 209 F.3d 18, 23 (1st Cir. 2000).

      Mackey's overarching theme of his amended complaint is that Salem State University spread and/or did not stop "rumors" about Mackey's supposed sexual interest in another student, disclosed mental health information about him to deter him from seeking treatment and induced him to harm himself. <u>Id.</u> ¶¶ 29-33. Mackey claims that Salem State University and the Commonwealth of Massachusetts have engaged in a broad conspiracy to retaliate and achieve this purported goal. <u>See generally</u> D. 10.

      Interwoven with this conspiracy, Mackey alleges that his violation of a harassment prevention order of another student is somehow part of the defendants' scheme. D. 10 ¶¶ 33-48,

Although Mackey claims the restraining order was "void," and that he was "entrapped" into violating the orders, id. ¶ 46, Mackey's violations apparently resulted in a conviction and imprisonment or probation. There is no allegation that his conviction has been overturned.

Mackey also alleges that he is currently being prosecuted for assaulting Newton Police officers with his truck. Id. ¶ 51, Ex. N. Mackey claims the charges were fabricated to hurt his employment opportunities and "to help Salem State University in their efforts to get [Mackey] to commit suicide." Id.

To the extent Mackey's claims might be construed as a civil rights claim pursuant to 42 U.S.C. §1983, those claims cannot be maintained against the Commonwealth of Massachusetts or Salem State University as these parties are immune from suit for monetary damages in federal court under the Eleventh Amendment to the United States Constitution.[1]  Furthermore, Mackey fails to plausibly plead a Title II ADA or retaliation claim. "Title II provides that otherwise qualified disabled students may not be excluded from educational programs or activities or otherwise discriminated against because of their disabilities." Toledo v. Sanchez, 454 F.3d 24, 39 (1st Cir. 2006). Retaliation in the context of a disability is in certain circumstances prohibited by federal law. See 42 U.S.C. § 12203(a). Here, the amended complaint lacks plausible factual allegations that Mackey suffered discrimination or was denied benefits or participation in any service, program or activity "by reason of" his disability. 42 U.S.C. §12132. The same is true with any claim of retaliation. Although Mackey does not clearly assert it, the Court has considered, but rejects, a claim under Title IX of the Education Amendments of 1972, 20 U.S.C.A. § 1681 for

---

[1] "[T]he Eleventh Amendment has been interpreted to constitute a general bar to suit by private individuals against unconsenting states in any tribunal, regardless of the relief sought or the legal source (federal or state) of the claim." Horizon Bank and Tr. Co. v. Flaherty, 309 F. Supp. 2d 178, 182 (D. Mass. 2004). As an arm of the state, Salem State University enjoys Eleventh Amendment Immunity. See Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009).

sexual harassment or hostile environment where the factual allegations that might support such a claim are not plausibly alleged. Because the purported federal claims are dismissed, this Court declines to exercise supplemental jurisdiction over any purported supplemental state law claims. See 28 U.S.C. §1367(c)(3).

Although not pleaded separately, there are allegations that indicate Mackey had difficulty in obtaining mental health medications and treatment while incarcerated that he "needed" or was "appropriate." Am. Compl. ¶¶ 54, 66. These allegations appear, in the first instance, to allege a difference in opinion as to treatment, Stone v. Evangelidis, CV 18-10011-RGS, 2020 WL 7405739, at *4 (D. Mass. Dec. 17, 2020) (noting "the well-established premise that the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice") (citations and quotations omitted), which does rise to the level of a constitutional claim.

For all these reasons, the Court dismisses the complaint without prejudice.

**So Ordered.**

                                          /s/ Denise J. Casper
                                          UNITED STATES DISTRICT JUDGE